UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

FILED by _____ D.C.

SEP 19 2016

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

Case Number: 16-23651-CIV-MARTINEZ-GOODMAN

SYBEL W. LEE, et al,

    Plaintiffs,

vs.

HARVEY RUVIN, Miami-Dade County Clerk
of the Board of Miami-Dade County
Commissioner, et al,

    Defendants,

_____/

## JOINT SCHEDULING REPORT

Pursuant to Local Rule 16.1(B)(2), the undersigned party hereby respectfully submit this Joint Scheduling Report:

On August 30, 2016, United States District Judge Jose Martinez signed an order for the parties to meet and submit a joint scheduling report:

• Sybel W. Lee., is pro see counsel for Plaintiffs representing the lawsuit in the case.
• Harvey Ruvin, Clerk to the Board of Miami-Dade County Commissioners, represents the Defendants.

On September 10, 2016, pertaining to court order the Plaintiffs made the attempt to schedule a meeting with Harvey Ruvin, Clerk to the Board of Miami-Dade County Commissioners representing party defendants at this time. The Defendants never responded to Plaintiffs via telephone, but sent an email requesting that the defendants not contact the Clerk of the Board but the Clerk of the Circuit Courts either by telephone, email or telephone. The parties must respond to the court order within 20 days due date and or response.

The Defendants have not met the compliances of United States District Judge Jose Martinez court order.

Nevertheless, the Plaintiffs will be filing the joint scheduling report and certificate of interests one sided and without the Defendants involvement which attempts to resolve the disputes or complaint filed by these 3 senior citizens in a lawsuit that is pending before the United States District Court.

The Plaintiffs believes that this matter will have some issues involving scheduling, and discovery and disposing all of the defendants and their witnesses still must to take. As instructed by this

order the Plaintiffs believes that discovery and dispositions of party defendants combined will take at least ten months to take approximately 32 depositions as Pro Se litigants, while there is a motion pending before the court requesting the voluntary assistant of legal counsel to assist the Plaintiffs with deadlines and civil procedure rules.

## I. JOINT AREAS OF AGREEMENT

### a. Likelihood of Settlement

Although it is unknown whether settlement is likely, the Plaintiffs need the court's interventions ordering the Defendants to meet with the Plaintiffs and discuss an immediate settlement.

The Plaintiffs believes that this case has been ongoing and continuous battle between them and Dade County; where finally the Miami Dade County Board of Commissioners and all other party defendants connected to the I-95 Project could be handled responsible and compensate all of the Plaintiffs by paying a long overdue of $84,000,000.00 to the Plaintiffs for Miami Dade County's negligence, severe breaches in their agreements with the Plaintiffs, for putting Plaintiffs under the intentional inflictions of emotion distress and psychological traumas resulting in some of them acquiring cancer causing agents and being exposed to severe depression due to Miami-Dade County taking earmarked funds assigned to purchase and relocate the Plaintiffs to a safe and livable area away and using funds for another purpose.

The diversion of these earmarked funds allegedly to the Miami Dade County Metro Zoo Park whether intentional or unintentionally must hold Mr. Harvey Ruvin, Clerk to the Board of Miami-Dade County Commissioners responsible for authorizing these federal earmarked funds to be used by Miami-Dade County Commissioner Dennis Moss and Javier Souto in a proposal for the Southwest Dade County area to expand its park leaving all of the Plaintiffs in life threatening and unsafe livable conditions; which have resulted in damages to their properties or property values and health due to the proximity of the county's massive 1992 to present I-95 wall expansion and construction project.

### b. Likelihood of Appearance of Additional Parties

The appearance of additional parties is anticipated at this time.

### c. Proposed Time Limits

See Plaintiffstion II – Proposed Time Limits And Reasons Why Appropriate and Plaintiffstion III - Lauer's Proposed Time Limits And Reasons Why Appropriate.

### d. Proposals for the Formulation and Simplification of Issues

The party do greed to work with the defendants in good faith to simplify the issues for trial, including if possible reaching stipulations of fact, authenticity of documents, and, if appropriate, filing any motions for summary judgment as to issues of law.

### e. Necessity or Desirability of Amendments to the Pleadings

The party believes that upon review of its legal counsel they may need to amend any of the pleadings filed by a Pro Se litigant.

### f. Possibility of Obtaining Admissions of Fact and of Documents

The party agreed to work in good faith with the defendants to reach stipulations regarding uncontested facts and the authenticity of documents to expedite the trial of this matter upon review of assigned legal counsel or advisors.

### g. Avoidance of Unnecessary Proof and Cumulative Evidence

At this juncture, the party does not have any specific suggestions to the Court for the avoidance of unnecessary proof and cumulative evidence, but upon review of legal counsel will endeavor to streamline the litigation.

### h. Suggestions on the Advisability of Referring Matters to a Magistrate Judge or Master

The party agrees to have any discovery disputes referred to the U.S. Magistrate Judge for Resolution
.
### i. Preliminary Estimate of the Time Required for Trial

The party anticipate trial to last between eight to nine weeks if tried before the Court, or ten to twelve weeks as a Pro Se without legal counsel if tried before a jury.

### j. Requested Dates for Conferences

The party is not requesting any specific dates, but will leave the setting of all such dates to the Court's sound discretion.

### k. Number of Depositions

The party stipulate under Fed.R.Civ.P. 29, that each party may take up to twenty five (25) depositions without leave of court.

### l. Other Information That Would Be Helpful to the Court

### 1. Agreed Upon Page Limitations for Summary Judgment

The party will stipulate that to the extent all the parties are allowed by the Court to submit a motion for summary judgment and each party may submit: (1) a statement of material facts not in dispute, and any counter statement of disputed material facts, that shall not exceed twenty-five (25) pages in length; (2) a memorandum of law in support of their motion for summary judgment that shall not exceed thirty (30) pages in length; (3) a response memorandum to the motion for summary judgment that shall not exceed thirty (30) pages in length; and (4) a reply memorandum that shall not exceed fifteen (15) pages in length.

### 2. Parties Have Not Identified Other Matters

The parties have not met but the Plaintiffs solely have not identified any other matters that would be helpful to the Court.

### II. PLAINTIFFS PROPOSED TIME LIMITS AND REASONS WHY APPROPRIATE

The Plaintiffs submits that the Court should enter a scheduling order that expeditiously sets this matter for resolution on the merits. As more fully discussed below, the Court should enter a scheduling order that finds that the parties must complete all discovery within 20 days from the date of entry of the scheduling order. 1 During the remaining discovery period, the Court should only allow defendants to depose those witnesses that they disclosed and produced to the Plaintiff and or have not already been deposed in this matter. The Court should also allow defendants an additional 5 days to take the deposition of the Plaintiff's experts. 2 (If defendants have not properly disclosed any expert witnesses to the Plaintiffs in Rule 26 disclosure statement, the Court should not allow any of the defendants to present any undisclosed experts at trial).
**A party** that without substantial justification **failing to disclose information required by Rule 26(a) or 26(e)(1) shall not**, unless such failure is harmless, **be permitted to use as evidence at a trial**, at a hearing, or on a motion **any witness or information not so disclosed**. This sanction is well accepted by Courts throughout the nation. See Coles v. Perry, 217 F.R.D. 1, 5 (D.D.C. 2003.

### Plaintiffs Proposed Time Limits

The Plaintiff submits that the following time limits are appropriate:

Thirty days after the Court Enters its Scheduling Order: All non-expert discovery must be completed. The Defendants may not re-depose witnesses that have already been substantively deposed, or any witnesses he failed to disclose (by name) and produce to the PLAINTIFFS, before the Court entered its Contempt Order on September 18, 2017. Forty days after the Court enters its Scheduling Order: Plaintiff shall furnish Lauer's counsel with a written disclosure statement from each expert intended to be called at trial. After service of expert's disclosure statement, with reasonable notice the Plaintiff shall make such expert available for deposition. The experts' depositions must be conducted within Seventy days after the Court enters its Scheduling Order and may be taken without further order from the Court. Eighty days after the Court enter its Scheduling Order: All summary judgment and other pretrial motions and memorandum of law (except for motions in limine) must be filed.

Ninety days after the Court enter its Scheduling Order: The parties shall exchange a written list containing the names and addresses of all witnesses intended to be called at trial.

Nov. 15, 2016, All summary judgment and other pretrial motions will be resolved by the Court. Ten days prior to pretrial Conference: S.D.Fla.Local Rule 16.1(D) meeting of counsel 5 days prior to pretrial Conference: Joint Pretrial Stipulation must be filed.

_____, 2016 All motions in limine must be filed.

_____, 2016 Proposed Findings of Fact and Conclusions of Law and Proposed Jury Instructions must be filed.

_____, 2016 Pretrial conference to be held at _____ a.m./p.m.

_____ 2016 Trial commences at _____ a.m.

### III. LAUER'S PROPOSED TIME LIMITS AND REASONS WHY APPROPRIATE

Lauer is presently moving the Court for an Order modifying the Preliminary Injunction to permit him access to his frozen funds so that he is able to present some semblance of a defense in this matter. To deny him all opportunity to have any meaningful opportunity to be heard prior to the entry of a judgment against him is to effectively deny him the constitutionally mandated due process of law. If the Court is inclined to grant that motion, Lauer requests that he be permitted six months from the date of the entry of the Scheduling Order to take the necessary discovery — discovery which he has been unable to pursue since he has had no access to his frozen funds. If the Court intends to deny that motion, Lauer will be unable to pursue further discovery and the issue of the time necessary to take such discovery is moot. In the latter event, Lauer requests that there be no extension for any further discovery whatsoever by the PLAINTIFFS and he requests that this

13

case immediately move forward so that he can appeal the judgment that will undoubtedly be entered against him.9

Because of the devastating consequences of this Court's Order precluding Lauer from testifying on his own behalf, DE 1299, Lauer intends to pursue an immediate appeal of that Order under the collateral order doctrine and, if appropriate, will also seek a writ of mandamus. While that appeal is pending, Lauer will seek to stay this litigation in its entirety. Thus, any submission of proposed dates by Lauer at this time — without knowing whether the Court will permit him any access to funds with which to take discovery or mount any credible defense and with the present intent to pursue an appeal and a subsequent stay of this litigation — is a fairly meaningless endeavor.

### A. Lauer Seeks Only to Re-Depose Witnesses Who Are Now Willing to Testify on the Merits Without Asserting Their Fifth Amendment Rights

To the extent that Lauer's counsel can obtain assurances that witnesses Garvey, Hauser, Barbarosh, and Levie — who have now been sued by the Receiver — will no longer assert their Fifth Amendment privileges at deposition, Lauer will seek to depose those witnesses since, while they were previously deposed, their assertion of privilege precluded any testimony on the merits. While depositions of witnesses Tskani, Lax, Jasphy, Pennecke, Maum and Cowen by Lauer's counsel would certainly be helpful to a defense, those witnesses did not hide behind privilege at their depositions and did testify as to the merits. Thus, counsel for Lauer will certainly honor his representation to the Court not to re-depose those witnesses and, if frozen funds are made available for Lauer's defense, will obtain transcripts of their depositions for

---

9 Given the Court's recent ruling that Lauer will not be permitted to testify on his own behalf at the trial, DE 1299, if he is not permitted any access to defense funds so that he can attempt to mount some kind of defense and at least be represented by counsel, a verdict against him is a certainty and there need be no further pretense that there is any likelihood that he will prevail at trial. If that is to be the course of events, Lauer would urge the prompt entry of what will essentially be a default judgment against him so he can pursue an appeal of the final order.

review.

## B. Lauer Should Not Be Precluded from Deposing Witnesses Identified Generally in His Rule 26 Disclosures

The PLAINTIFFS will suffer no prejudice as a result of Lauer being permitted to depose witnesses identified generally in his Rule 26 disclosures and Lauer should not be precluded from such discovery. To the extent that the PLAINTIFFS is using the Joint Scheduling Report as a means of moving the Court for further clarification and broadening of the language of the Contempt Order [DE 1218] and is requesting that the Court rule that Lauer be precluded from presenting any expert witnesses at trial, such a request is patently improper and an appropriate motion should be filed if the PLAINTIFFS seeks such further clarification. A Joint Scheduling Report is not the appropriate vehicle for obtaining such a clarification and Lauer refuses to be drawn into responding to such a patently improper motion.

The PLAINTIFFS's contention that Lauer is precluded from calling any expert at trial that he did not specifically identify by name in his Rule 26 disclosures rings hollow for a number of reasons, not the least of which is that the PLAINTIFFS insisted on a total freeze on Lauer's assets such that he has been unable to even engage an expert in any serious discussions about retention for trial. Further, the PLAINTIFFS itself — while identifying by name two individuals, Robert Lowery and Shannon Pratt — made only a general disclosure of experts as to various areas of testimony and thus, obviously believed that was sufficient to satisfy its own disclosure obligations.[10] *See* Plaintiff PLAINTIFFS's Disclosure of Expert Witnesses, attached as Exhibit A hereto. The PLAINTIFFS can now hardly be heard to complain that Lauer's use of similar language is not sufficient identification

---

[10] While the PLAINTIFFS contends that Judge Zloch ordered the parties to identify expert witnesses by July 30, 2004, the PLAINTIFFS obviously felt that such order did not preclude its identification of experts by general category. Furthermore, the PLAINTIFFS did not identify Professor Hazen by name until March 1, 2005, see Exhibit B hereto, so quite clearly the PLAINTIFFS did not view Judge Zloch's order as preclusive.

especially since, as a *pro se* litigant, he lacks the PLAINTIFFS's extensive experience in discovery matters.

In his initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, DE 703, Lauer identified many witnesses by name, but identified many others, including experts, in a general fashion. *See, e.g.*, Rule 26(a)(1) Disclosures at 2 ("The Respondent in his defenses would potentially use any witness that had relevant knowledge of the Lancer Funds' operations, as well as the Fund's trading strategies."); at 5 (Expert witness list providing for experts with knowledge of Plaintiffsurities laws, OTC market and Plaintiffsurities, general

accounting matters, and the hedge fund industry). Thus, Lauer adequately "disclosed" such witnesses so that he is not precluded from presenting them at trial.

The Court did not specifically refer to the preclusion of expert witnesses in its Contempt Order and a reasonable reading of the language of Paragraph 3 of that Order would not encompass the preclusion of expert witnesses since the identification of specific experts is not mandated under the federal rules until ninety days before trial. *See* Fed. R. Civ. P. 26(a)(2)(C) (mandating disclosures identifying experts at least ninety days before trial date). *See also* S.D. Fla. Local Rule 16.1(K) (providing that expert opinions are to be exchanged ninety days before pretrial conference).11

**C. Proposed Schedule**

Assuming that the Court will permit him some access to defense funds and is not inclined to stay this matter pending the resolution of an appeal, Lauer proposes the following schedule:

Six months from date of Scheduling Order: Completion of non-expert discovery

90 days before pretrial conference: Parties to exchange expert witness summaries/reports pursuant to S.D. Fla. Local Rule 16.1(K)

11 As indicated above, the issue is largely moot if the asset freeze is not lifted to permit Lauer to access his personal funds so that he can hire such experts.

16

70 days from completion of non-expert discovery: All summary judgment and other pretrial motions (except for motions in limine) must be filed.

30 days before trial: Fed. R. Civ. P. 26(a)(3) disclosures, pursuant to S.D. Fla. Local Rule 16.1(D)

10 days prior to pretrial conference: S.D. Fla. Local Rule 16.1(D) meeting of counsel

_____, 2006 All summary judgment and other pretrial motions to be resolved by Court

5 days prior to pretrial conference: File Pretrial Stipulation pursuant to S.D. Fla. Local Rule 16.1(E)

_____, 2006 All motions in limine must be filed

_____, 2006 Proposed Findings of Fact and Conclusions of Law and Proposed Jury Instructions must be filed.

_____, 2006 Pretrial Conference to be held at \_\_\_\_ a.m./p.m.

_____, 2006 Trial commences at _____ a.m./p.m.

**IV. CONCLUSION**

The parties hereby submit this Joint Scheduling Report to the Court, except Plaintiffstion II is solely submitted by the PLAINTIFFS and Plaintiffstion III is solely submitted by Lauer.

March 17, 2006 Respectfully submitted,

**PLAINTIFFSURITIES AND EXCHANGE CARL SCHOEPPL COMMISSION**

801 Brickell Avenue Schoeppl & Burke, P.A.

Suite 1800 4651 North Federal Highway
17
**17 of 25**
Miami, FL 33131 Boca Raton, FL 33431
By:s/ Christopher E. Martin By:s/ Carl Schoeppl
Christopher E. Martin, Esq. Carl Schoeppl, Esq.
Senior Trial Counsel Florida Bar No. 818518
SD Florida Bar No. A5500747 Telephone: (561) 394-8301
Telephone: (305) 982-6386 *Counsel for Defendant Michael Lauer*
*Counsel for the PLAINTIFFS*
**CERTIFICATE OF SERVICE**
**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served by FedEx this 20th day of March 2006, on the following:
Magistrate Judge Barry Seltzer
United States District Court
299 E. Broward Blvd., Room 109
Fort Lauderdale, FL 33301
Marty Steinberg, Receiver
Craig V. Rasile, Esq.
Hunton & Williams LLP
1111 Brickell Avenue, Suite 2500
Miami, Florida 33131-1802
Carl Schoeppl, Esq.
Schoeppl & Burke, P.A.
4651 North Federal Highway
Boca Raton, FL 33431
s/ Christopher E. Martin
Christopher E. Martin
18
**18 of 25**
**19 of 25**
**20 of 25**
**21 of 25**
```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PLAINTIFFSURITIES AND EXCHANGE COMMISSION,) Case No.
)03-80612-CIV-MARRA
Plaintiff, 1
1
-v- )
1
MICHAEL LAUER, et al., )
1
Defendants. )Fort Lauderdale, Florida
)December 6, 2005
TRANSCRIPT OF HEARING ON MOTION
FOR CONTEMPT AND STATUS CONFERENCE
BEFORE THE HONORABLE KENNETH A. MARRA
U.S. DISTRICT JUDGE
Appearances:
```

(As noted on page 2.)
Reporter
(561) 651-3865
Stephen W. Franklin, RMR, CRR
Official Court Reporter
701 Clematis Street, Suite 417
West Palm Beach, Florida 33401

**22 of 25**
MR. SCHOEPPL: Thank you.
THE COURT: Thank you.
Anything else?
MR. MARTIN: Just lastly, Your Honor, obviously all those motions would be -- I mean, a refiling of previously issued and decided motions, last August he had a motion pending to release funds for the experts, that was denied. I mean, the modification of the asset freeze. It's hard to count how many various ways he's sought to do that.
And now he wants to go back and redo discovery. I mean, most all the --many of the witnesses have already been deposed. I don't know if he's planning on redeposing people all of a sudden. I mean, it just seems like in the interest of investors and everyone involved, the last thing this case needs is revisiting all the old ground. What progress has been made basically they're proposing to redo.
Another thing is, I mean this is all predicated on apparently Mr. Schoeppl getting paid somehow, because, I mean, it's still a provisional retention is my understanding.
THE COURT: All right, well, I can't stop him from filing motions, but I certainly have no intention of having people who have already been deposed be redeposed a Plaintiffsond

time .
MR. SCHOEPPL: Your Honor, and just to be clear, my intention would not be to redepose anyone who's been deposed
**23 of 25**
before; it would be to depose witnesses who haven't been deposed.
THE COURT: All right, thank you all, and 1'11 try and get a ruling out as soon as possible.
MR. SCHOEPPL: Thank you, Your Honor.
THE COURT: We'll go from there.
MR. SCHOEPPL: Thank you.
(Proceedings concluded.)
**24 of 25**
Exhibit U
Exhibit X
Exhibit W
Exhibit X (DUPLICATE EXHIBIT)
Exhibit N
Exhibit CC
Exhibit DD
DEFENDANT'S EXHIBITS
Exhibit 1
Exhibit 3
Exhibit 4

```
Exhibit 2
Exhibit 5
*****
CERTIFICATE
I, Stephen W. Franklin, Registered Merit Reporter, and
Certified Realtime Reporter, certify that the foregoing is a
correct transcript from the record of proceedings in the
above-entitled matter.
Dated this 22nd day of DECEMBER, 2005.
Stephen W. Franklin, RMR, CRR
```
**25 of 25**

Stephen Clark Government Center
111 N.W. 1st Street
Miami, FL 33128
305-375-5126
*For the Defendants*

                     _____
                     Sybel W. Lee, Plaintiff Pro Se Counsel on
                     representing Sybel W. Lee, Nathaniel
                     Williams and Mary McMinn
                     602 N.W. 100th Street
                     Miami, FL  33150
                     Telephone: (305) 754- 5073
                     *Pro Se Counsel for the PLAINTIFFS*

8